**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **MARDOCHE OLIVIER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:17-cv-00058** |
| | ) | **Judge Trauger** |
| **U.S. GOVERNMENT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>M E M O R A N D U M</u>

Plaintiff Mardoche Olivier, a resident of Clarksville, Tennessee, brings this *pro se, in forma pauperis* action against the United States Government, alleging violations of the Plaintiff's civil rights.[1]  (Docket No. 1).   The Plaintiff seeks $40,000 in damages, attorney fees, and injunctive relief.  (*Id*. at p. 3).

## I.    Required Screening of the Complaint

The Plaintiff is proceeding as a pauper in this action; therefore, the Court must conduct an initial review of the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss it or any portion of it that is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.   In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as construed by *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that "the dismissal standard articulated in

---

[1]It bears noting that, since January 1, 2017, the Plaintiff has filed at least ten separate *pro se* lawsuits in this Court.

*Iqbal* and *Twombly* governs dismissals for failure to state a claim under § 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)").

"Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks and citation omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively

require courts to ferret out the strongest cause of action on behalf of pro se litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

## II.    Alleged Facts

According to the complaint, the Honorable Kevin H. Sharp, a member of this Court, violated the Plaintiff's rights when Judge Sharp dismissed *sua sponte* a previous *pro se* action filed by the Plaintiff. In the previous case, Judge Sharp determined that, under the Rooker-Feldman doctrine, the Court lacked subject matter jurisdiction over the Plaintiff's claim because it arose from a state court proceeding that apparently did not end in the Plaintiff's favor. *See* Case No. 3:16-cv-3305 (Order, Docket No. 3). The Plaintiff is filing this action against the "U.S. Gov." as Judge Sharp's "employer." (Docket No. 1 at pp. 2-3).

## III.    Analysis

In order to state a claim under 42 U.S.C. § 1983, the Plaintiff must plead and prove that the Defendant, while acting under color of state law, deprived him of some right or privilege secured by
the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

First, the Court finds that Judge Sharp was not acting "under color of state law" when he disposed of the Plaintiff's previous lawsuit. *See Mardoche Olivier v. U.S. Government,* No. 3:17-cv-00059 (M.D. Tenn. Jan. 31, 2017)(Trauger, J.)(similarly finding that Judge Crenshaw was not acting under color of state law when he dismissed a different federal lawsuit filed by the same Plaintiff). In the absence of such a showing, the Plaintiff has failed to state a claim upon which relief can be

granted.  In any event, the Plaintiff is not suing the alleged tortfeasor here.  Rather, the Plaintiff is attempting to place liability on the alleged tortfeasor's employer.  The law is settled that *respondeat superior* is not recognized as an acceptable theory of liability under § 1983.  *See e.g., Polk County v. Dodson,* 454 U.S. 312, 325 (1981); *Monell v. Dept. of Social Servs. of The City of New York, et al.,* 436 U.S. 658, 659, 691–95 (1978); *Siggers v. Campbell*, 652 F.3d 681, 695 (6th Cir. 2011) (citing *Taylor v. Michigan Dep't of Corrections*, 69 F.3d 76, 80–81 (6th Cir.1995)).

The Court notes that the Plaintiff essentially takes issue with the fact that Judge Sharp dismissed the Plaintiff's previous case without first providing the Plaintiff with an opportunity to amend his complaint in an attempt to cure any deficiencies.  (Docket No. 1 at p. 2).  However, 28 U.S.C. § 1915(e)(2)(B) requires the district court to dismiss an entire case or any portion of it that is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Moreover, the Plaintiff never sought to amend his complaint in the prior case and, to date, has not sought that opportunity.[2]  Even after the dismissal of his case, the Plaintiff filed a Notice of Appeal rather than a motion to amend or a motion to reconsider.  *See* 3:16-cv-03305 (Notice of Appeal, Docket No. 5).

IV.    **Conclusion**

In conclusion, the Court finds that the complaint fails to state a claim upon which relief can be granted.  This action, therefore, will be dismissed with prejudice.  28 U.S.C. § 1915(e)(2).

For the same reasons that the Court dismisses this action, the Court finds that an appeal of

---

[2]In the instant complaint, the Plaintiff states that his previous case should not have been dismissed under the Rooker-Feldman doctrine because he "did not seek[] appellate review of the state court judgment in a United States court . . . ." (Docket No. 1 at p. 2).  Instead, the Plaintiff states: "I actually filed due to a state right that I have under T.C.A. 29-21-108.  Duty of court–to act upon such application instanter."  (*Id*.)  This Court does not have jurisdiction to hear state law claims in the way the Plaintiff seeks.  Therefore, even an attempt by this Plaintiff to amend his complaint in the previous action to seek vindication of a state right under state law in a federal civil rights action would be appear to be futile.

4

this action would not be taken in good faith. The Court therefore certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by the Plaintiff would not be taken in good faith, and the Plaintiff will not be granted leave by this Court to proceed on appeal *in forma pauperis*.

An appropriate order will enter.

_____

Aleta A. Trauger
United States District Judge